# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13321

_____

MICHAEL SOCKWELL,

                *Petitioner-Appellant,*

versus

COMMISSIONER, ALABAMA DEPARTMENT OF
CORRECTIONS,

                *Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:13-cv-00913-WKW-KFP

_____

Before LUCK, ABUDU, and WILSON, Circuit Judges.

ORDER:

  Appellee-Defendant Commissioner of the Alabama Department of Corrections (Commissioner) moves to stay the issuance of the mandate pending a petition for writ of certiorari. To stay the issuance of the mandate pending a petition for writ of certiorari, the Commissioner "must show that the petition would present a

substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). To establish good cause for a stay, "there must be a likelihood of irreparable harm if the judgment is not stayed." *Phillip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1302 (2010) (Scalia, J., in chambers). Because we find that the Commissioner cannot show good cause, we deny the motion.

The Commissioner provides two arguments to show that it will suffer irreparable harm absent a stay. Neither is persuasive.

First, the Commissioner argues Alabama has an interest in keeping prisoners in custody who pose a danger or a risk of flight. The Commissioner explains that Sockwell was convicted of capital murder, and before his conviction, he was a flight risk and danger to the public, and "there is no reason to think otherwise today." But as counsel for Appellant-Petitioner Michael Sockwell explained in its response, Sockwell is not the same man from thirty-five years ago. Sockwell has experienced significant health issues that require him to reside in the prison infirmary permanently.[1]

Second, the Commissioner also claims that its certiorari petition risks becoming moot "if [Sockwell's] conviction were vacated, Sockwell's federal habeas petition would no longer provide

---

[1] The opinion did not vacate Sockwell's criminal charge. All it did was require that he be retried. Whether Sockwell is to be released pending retrial is a state law determination that needs to be made by the Alabama trial court. *See* Ala. Code § 15-13-3 ("A defendant is not eligible for bail when he or she is charged with capital murder pursuant to Section 13A-5-40, if the court is of the opinion, on the evidence adduced, that he or she is guilty of the offense.").

effective relief, and the State's appeal might not be able to reinstate the conviction and sentence." But even if Sockwell is retried or agrees to a plea agreement for life without parole before the Supreme Court resolves the Commissioner's petition for writ of certiorari, "neither the losing party's failure to obtain a stay preventing the mandate of the Court of Appeals from issuing nor the trial court's action in light of that mandate makes the case moot." *Kernan v. Cuero*, 138 S. Ct. 4, 7 (2017). Rather, the Supreme Court could still "undo what the *habeas corpus* court did" if it so desires. *Id.* (quoting *Eagles v. United States ex rel. Samuels*, 329 U.S. 304, 308 (1946)); *see also Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam).

The Commissioner's motion to stay the issuance of the mandate pending a petition for writ of certiorari is DENIED.

LUCK, Circuit Judge, dissenting:

The state of Alabama has moved to stay issuance of our mandate so it can seek certiorari review before Sockwell's conviction is vacated and he is retried. Normally, under our rules, a single judge passes on a mandate stay motion. *See* 11th Cir. R. 27-1(d)(8). But the majority has done the abnormal by taking the motion for itself and then denying it because the state has not shown good cause for the stay.

I respectfully dissent because there's good cause for a stay. The state may suffer irreparable harm without one. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) ("To obtain a stay pending the filing and disposition of a petition for a writ of certiorari, an applicant must show . . . a likelihood that irreparable harm will result from the denial of a stay."). The majority instructed the district court to issue a writ of habeas corpus conditioned on the right of the state to retry Sockwell. *Sockwell v. Comm'r, Ala. Dep't of Corr.*, 141 F.4th 1231, 1248 (11th Cir. 2025). Absent a stay, the writ will result in the state court's vacating Sockwell's conviction and retrying him. And once that happens, "the vacatur . . . render[s] the [s]tate's appeal moot under Article III of the Constitution." *Brown v. Vanihel*, 7 F.4th 666, 670 (7th Cir. 2021).

As the Seventh Circuit explained in *Brown*, if the Supreme Court ruled in favor of the state and concluded that we "erred by granting the writ of habeas corpus, there is no meaningful relief that [it] could provide to the [s]tate" after the defendant's conviction is vacated and he is retried. *Id.* at 671 (quotation omitted). "At

best for the [s]tate," the Supreme Court "could issue an advisory opinion saying that [we] had erred in issuing the writ with which the state courts had already complied." *Id.* at 671. "But such an advisory opinion would not be meaningful relief. Federal courts are not in the business of offering advice to their colleagues in state courts." *Id.* (quotation omitted).

To highlight the problem, the Seventh Circuit set out a hypothetical. "[S]uppose that while th[e] appeal is pending, [the defendant] is retried in state court and acquitted." *Id.* at 672. Under those circumstances, "[w]e could not reinstate his original conviction, which the state courts had vacated." *Id.*

To avoid this result, the Seventh Circuit suggested that the state do exactly what it did here—seek "a stay of the writ pending the conclusion of the appeal." *Id.* at 671. The "problem is entirely avoidable if a state in such a case seeks and obtains a stay before a new trial." *Id.* at 672. That's why "the prospect of mootness is certainly something that [we] should consider when deciding whether to stay conditional writs pending appeal." *Id.* at 671. The prospect that the state's certiorari petition would become moot is certainly something I would consider in granting the state's stay motion.

*Kernan v. Cuero*, 583 U.S. 1 (2017) and *Calderon v. Moore*, 518 U.S. 149 (1996), relied on by the majority, are not to the contrary. In *Kernan*, the state court did not vacate the defendant's conviction—only his sentence—so the Supreme Court did not consider whether vacating the conviction and retrying the defendant

mooted the habeas appeal. *Cf id.* at 6 ("The Ninth Circuit has already issued its mandate in this case. And the state trial court, in light of that mandate, has resentenced Cuero."). And, in *Calderon*, "[w]hile the administrative machinery necessary for a new trial ha[d] been set in motion," the habeas appeal was not moot because "that trial ha[d] not yet even begun, let alone reached a point where the court could no longer award any relief in the [s]tate's favor." 518 U.S. at 150; *see also Garding v. Mont. Dep't of Corr.*, 105 F.4th 1247, 1256 (9th Cir. 2024) ("The state court's vacatur of Garding's conviction did not moot this case. The new trial against Garding has not yet begun, and by reversing the district court's order, we can provide Montana with relief.").

Here, to avoid the point where the state can no longer be awarded any relief, we should stay the issuance of the mandate so the state can seek certiorari review from the Supreme Court.